United States District Court
For the Northern District of California

**\*\*E-filed 4/6/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SEAN PATRICK GJERDE,

        Plaintiff,

   v.

STATE BAR OF CALIFORNIA, et al.,

        Defendants.
_____/

No. C 12-01594 RS

**ORDER DENYING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

## I. INTRODUCTION

Plaintiff Sean Patrick Gjerde, an attorney proceeding pro se, seeks an order enjoining the State Bar of California from initiating, processing, hearing, or deciding any issues concerning his license to practice law. More specifically, he seeks to prevent the State Bar of California from acting pursuant to California Business and Professions Code § 6007 summarily to take his license to practice law. Applying the standards for granting preliminary relief and the abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971), the Court must deny plaintiff's motion. *See generally Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432-37 (1982) (determining that the *Younger* abstention doctrine must be applied when an ongoing state bar proceeding overlaps with a federal matter).

## II. STANDARD OF REVIEW

An application for preliminary relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc*., 555 U.S. 7, 21-22 (2008). The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."). As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id.* at 1135.

### III.  DISCUSSION

#### A. Likelihood of Success

To prevail, plaintiff must first show that he is likely to succeed on the merits of his claims. *Winter*, 555 U.S. at 20. It is not enough to show that there is a "possibility" of success. *Id.* at 22 (reversing Ninth Circuit's "possibility" standard). Rather, there must be a "clear showing" that the plaintiffs are entitled to preliminary relief. *Id.* Gjerde's underlying complaint seeks declaratory and injunctive relief barring defendants from both continuing disciplinary proceedings against him and from prosecuting or attempting to prosecute plaintiff or other attorneys. Plaintiff also seeks monetary damages.

The abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971), prevent the Court from enjoining the State Bar proceedings plaintiff speculates may occur. Under the *Younger* doctrine, a federal court must abstain from exercising its jurisdiction if there is a state-initiated proceeding which "(1) [is] . . . ongoing, (2) "implicate[s] important state interests, and (3) provide[s] the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 437 (1982)). The Supreme Court has applied this doctrine to require abstention when a state bar proceeding overlaps with a federal action. *Middlesex County Ethics Comm.*, 457 U.S. at 434. Additionally, the "Ninth Circuit has repeatedly held that

*Younger* abstention is required where a plaintiff seeks to challenge or enjoin a pending disciplinary or other proceeding by the State Bar of California." *Kay v. State Bar of California*, C 09-1135 PJH, 2009 WL 837515 (N.D. Cal. Mar. 26, 2009) *aff'd sub nom. Kay v. State Bar of Cal.*, 379 F. App'x 631 (9th Cir. 2010); *see, e.g.*, *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005); *Hirsh*, 67 F.3d at 712.

      Plaintiff argues that these prior cases are inapplicable because they address abstention as it relates to California State Bar disciplinary hearings. His case, alternatively, concerns involuntary inactive enrollment imposed pursuant to California Business and Professions Code § 6007. Plaintiff argues this distinction is essential because unlike with typical disciplinary proceedings, an attorney subject to involuntary inactive enrollment does not have access to a court in which "to litigate federal claims." *Hirsh*, 67 F.3d at 712 (explaining what factors a court must consider before applying the *Younger* doctrine to state disciplinary proceedings). Plaintiff's argument, however, is without merit. The California Supreme Court has repeatedly held that a State Bar decision ordering involuntary inactive enrollment is constitutional because it provides full due process rights, *Conway v. State Bar*, 47 Cal. 3d 1107, 1120, 23 (1989), and "is subject to our immediate, independent review." *In re Rose*, 22 Cal. 4th 430, 442 n. 7 (citing *Conway*, 47 Cal. 3d at 1120, 23 (1989) (upholding California Business and Professions Code § 6007 as constitutional because it provides attorneys with all necessary due process rights)). Such "immediate, independent review" necessarily provides attorneys with access to a court in which "to litigate federal claims." *Canatella*, 404 F.3d at 1111 (noting that although judicial review is "wholly discretionary, its mere availability provides the requisite opportunity to litigate"). The distinction between involuntary inactive enrollment and traditional disciplinary proceedings is, therefore, inconsequential for purposes of applying the *Younger* doctrine. Consequently, even if plaintiff could identify pending state disciplinary proceedings for the Court to enjoin, he cannot establish the likelihood of success on the merits as to warrant preliminary relief.

    B.  Immediate, Irreparable Harm

      To establish the potential for immediate, irreparable harm, plaintiff argues that if defendants summarily revoke his license to practice law he will lose his clients, his law practice and suffer a variety of constitutional violations. As a threshold issue, plaintiff cannot establish that defendants

3

intend to take his license pursuant to California Business and Professions Code § 6007, or even that such disciplinary action is probable.  Notably, plaintiff appears to recognize the speculative nature of his claims, using hypothetical language in stating, "*if* I were to be placed on involuntary inactive status pending an actual hearing, not only will I suffer suffer [sic] immediate and irreparable harm, but more importantly my clients will suffer."  (Pl's Decl. ¶ 8) (emphasis added).  Plaintiff's use of the word "if" demonstrates that even he sees such disciplinary action as a mere possibility.  He, therefore, does not meet the burden of showing that any potential harm which could arise from his license revocation is either immediate or irreparable.  *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy.").  This factor, therefore, also weighs against the granting of preliminary relief.

### C. Balance of the Equities & Public Interest

Finally, the party seeking preliminary relief must establish that the balance of equities weighs in his favor.  *Id.* at 22-23.  In determining whether plaintiff has met this burden, courts must consider "the interests of all parties and weigh the damage to each." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1203 (9th Cir.1980).  Here, the balance of equities does not favor injunctive relief.

The Ninth Circuit has repeatedly recognized that the State of California has an important interest in regulating its attorneys through disciplinary proceedings.  *Hirsch*, 67 F.3d at 712 ("California's attorney disciplinary proceedings implicate important state interests.").  Damage to these interests from a preliminary injunction would be quite significant and impair the state's "essential" role of maintaining "the professional conduct of the attorneys it licenses." *Canatella*, 404 F.3d at 1110 (quoting *Middlesex*, 457 U.S. at 434).  By contrast, plaintiff seeks to enjoin a mere hypothetical disciplinary action that may affect his legal practice and clients.  On balance, the certain damage to the state if an injunction is issued outweighs any potential damage to plaintiff.

Furthermore, it is not in the public interest to grant an injunction.  The Supreme Court has recognized that "the public is dependent upon professionally ethical conduct of attorneys and thus has a significant interest in assuring and maintaining high standards of conduct of attorneys engaged in practice." *Middlesex*, 457 U.S. at 434.  It is therefore in the public interest to preserve

4

California's ability to discipline its lawyers and ensure the professional conduct of all state licensed attorneys. Accordingly this factor also weighs against granting a temporary restraining order.

### III. CONCLUSION

For the reasons stated, plaintiff's motion for preliminary injunctive relief in the form of a temporary restraining order is denied. In addition, plaintiff has failed to demonstrate a basis for an order to show cause on the issuance of a preliminary injunction.

IT IS SO ORDERED.

Dated: 4/6/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE