IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEAN PATRICK GJERDE,<br><br>        Plaintiff,<br>v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>        Defendants. | No. C 12-01594 RS<br><br>**ORDER DISMISSING CASE** |

## I. INTRODUCTION

Plaintiff Sean Gjerde is currently the subject of an ongoing State Bar attorney disciplinary proceeding. He brings this action against the State Bar of California, its Board of Trustees, and a number of its employees seeking to have these proceedings enjoined and declared unconstitutional. Gjerde previously filed a motion for entry of a temporary restraining order to preclude defendants from initiating, processing, hearing, or deciding any issues concerning his license to practice law, which was denied. Defendants now move for dismissal arguing the Court lacks jurisdiction under the abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff filed no opposition and failed to appear at the motion hearing on July 26, 2012. Immediately prior to the hearing, however, he submitted a request for voluntary dismissal. Accordingly, pursuant to abstention principles and Federal Rule of Civil Procedure ("FRCP") 41, this matter is dismissed without prejudice.

## II. DISCUSSION

### A. *Younger* Abstention[1]

The State Bar filed a Notice of Disciplinary Charges against Gjerde in September 2011, asserting thirty-six counts of misconduct related to his legal practice. This Notice was supplemented in February 2012 by a second notice alleging additional counts of misconduct. Plaintiff was thereafter placed on involuntary inactive status until the completion of his disciplinary proceedings. With these charges pending, Gjerde filed suit in federal court.

Under the *Younger* doctrine, a federal court must abstain from exercising its jurisdiction if there is a state-initiated proceeding which "(1) [is] . . . ongoing, (2) "implicate[s] important state interests, and (3) provide[s] the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 437 (1982)). The Supreme Court has applied this doctrine to require abstention when a state bar proceeding overlaps with a federal action. *Middlesex County Ethics Comm.*, 457 U.S. at 434. Additionally, the "Ninth Circuit has repeatedly held that *Younger* abstention is required where a plaintiff seeks to challenge or enjoin a pending disciplinary or other proceeding by the State Bar of California." *Kay v. State Bar of California*, C 09-1135 PJH, 2009 WL 837515 (N.D. Cal. Mar. 26, 2009) *aff'd sub nom. Kay v. State Bar of Cal.*, 379 F. App'x 631 (9th Cir. 2010); *see, e.g.*, *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005); *Hirsh*, 67 F.3d at 712. Here, the underlying disciplinary proceeding implicates all three prongs of the *Younger* doctrine.

First, the proceedings are ongoing under the *Younger* doctrine because they were filed in September 2011 prior to the commencement of the federal action. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir.1988); *Canatella*, 304 F.3d at 851 (holding that disciplinary proceedings are commenced, for purposes of *Younger* abstention, once the accused is served with a notice of disciplinary charges). Furthermore, as to the second and third factors, the Ninth Circuit has determined that California's disciplinary proceedings implicate important state interests and provide

---

[1] Defendants further contend that this matter must be dismissed because: (1) it is barred by the Eleventh Amendment; (2) plaintiff has not stated a cognizable claim under Federal Rule of Civil Procedure 12(b)(6); and (3) plaintiff's request for injunctive relief under section 1983 is improper. As *Younger* abstention principles apply, the Court need not address the merits of these other bases for dismissal.

full due process rights and the opportunity to raise any federal constitutional defenses. *See Hirsch*, 67 F.3d at 711. Accordingly, abstention is appropriate and the case should be dismissed for lack of jurisdiction.

### B. FRCP 41

FRCP 41 provides that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(A)(1)(a)(i). Here, plaintiff timely requested a voluntary dismissal prior to the filing of either an answer or a summary judgment motion. This matter must therefore be dismissed.

### III. CONCLUSION

This matter is dismissed without prejudice. The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: 7-30-12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SEAN PATRICK GJERDE,

    Plaintiff,

v.

STATE BAR OF CALIFORNIA et al,

    Defendant.

Case Number: CV12-01594 RS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sean Patrick Gjerde
P.O. Box 846
Meadow Vista, CA 95722

Dated: July 30, 2012

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk